UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER SCRUGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-CV-815 JD |
| v. ) | |
| ) | |
| CAPT. PAYEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Christopher Scruggs, a *pro se* prisoner, filed a motion seeking emergency medical attention which was used to open this new civil rights lawsuit. This one page document states that he has been on a hunger strike since July 23, 2013, and that his left leg has turned blue. He states that he is unable to obtain medical attention and asks for emergency injunctive relief.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's

attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Though prisoners are "not entitled to demand specific care [nor] entitled to the best care possible" *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997), the Eighth Amendment requires that they receive adequate treatment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Here, Scruggs alleges that he has been told that he will die before he can obtain medical attention. Though he does not say who said this nor when, giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim.

Scruggs names three defendants: Capt. Payen, Medical, and IDOC/WCU. Though Medical and IDOC/WCU must be dismissed, neither are necessary to his injunctive relief claim. Medical is a department within IDOC/WCU, which is the prison where Scruggs is housed. Though the Eleventh Amendment permits injunctive relief claims against state officials (such as Capt. Payen), it prohibits lawsuits against a State and its agencies. *See Idaho v. Coeur D'Alene Tribe*, 521 U.S. 261, 269 (1997).

Given that Scruggs has titled his motion as one for emergency medical attention, the court construes his request as one for both immediate as well as permanent injunctive relief. A temporary restraining order without notice is an exceptional remedy. Both our adversarial system of justice and simple notions of fairness require that a defendant generally be notified and afforded the opportunity to respond before being enjoined. As the Supreme Court of the United States has made clear,

2

> Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted). Moreover, "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008)(quotation marks and citations omitted).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). "These considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted." *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010).

> In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.

*Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008) (quotation marks and citations omitted).

Here, it is not entirely clear what medical attention Scruggs needs. He states that he is on a hunger strike, which is a self imposed condition, albeit one that prison officials are not permitted to ignore. *See Freeman v. Berge*, 441 F.3d 543, 546 (7th Cir. 2006) ("It does not follow from anything we have said, however, that a prison can allow a prisoner to starve himself to death, or even starve himself to the point at which he seriously impairs his health . . ..") He also states that his left leg has turned blue.

Certainly there are significant equitable and public policy concerns which weigh against issuing an injunction based on only the assertions of an inmate who could easily exaggerate his

condition. Even if misrepresentations are not intentional, it is still not "for the limited competence of federal judges to micromanage prisons." *Bruscino v. Carlson*, 854 F.2d 162, 165 (7th Cir. 1988).

> Federal judges must always be circumspect in imposing their ideas about civilized and effective prison administration on state prison officials. The Constitution does not speak with precision to the issue of prison conditions (that is an understatement); federal judges know little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state how to run its prison system.

*Scarver v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006) (quotation marks and ellipsis omitted). It would not be reasonable for a doctor, much less a federal judge, to dictate specific medical treatment based only the one sentence description of a blue leg. However, given the nature of the claim, it is not unreasonable to require that a prison doctor promptly examine Scruggs left leg and provide whatever emergency medical treatment is deemed appropriate within the doctor's professional judgment – then to promptly report the medical findings to the court.

Several other items also need to be noted. First, Scruggs has not yet filed a complaint. Therefore the clerk will send him a complaint form so that he can fully set forth his claims. Second, it is unclear whether Scruggs exhausted his administrative remedies before he filed this lawsuit.

> Exhaustion is explicitly required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and there is no exception for prisoners who allege "imminent danger" in order to be excused from having to pay the entire filing fee at the time the suit is brought. Imminent danger excuses only that, and not the duty to exhaust as well.

*Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) (citations omitted). Third, though Scruggs named Capt. Payen, it seem likely that he may have meant Captain Payne. Because of this possibility, the court will order service on either Captain Payen or Payne at the Westville Control Unit. Finally, because of the possible medical urgency involved here, a copy of this order will be faxed to the Superintendent of the Westville Correctional Facility and the Indiana Attorney General. Given that notice, it is hoped that counsel will promptly enter an appearance and waive

service, thereby avoiding unneeded expense and delay. However, if necessary, the court will order the United States Marshals Service personally serve Captain Payen or Payne.

For the foregoing reasons, the court:

(1) **GRANTS** Christopher Scruggs leave to proceed against Captain Payen or Payne in his official capacity for injunctive relief to obtain medical treatment for his left leg;

(2) **DISMISSES** Medical and IDOC/WCU;

(3) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Christopher Scruggs;

(4) **GRANTS** Christopher Scruggs until September 5, 2013, to file an amended complaint;

(5) **DIRECTS** the clerk to fax a copy of this order and the motion (DE 1) to the Superintendent of the Westville Correctional Facility and the Indiana Attorney General; and

(6) **ORDERS** Captain Payen or Payne to enter an appearance by August 9, 2013, to have a doctor promptly examine Christopher Scruggs' left leg and provide whatever emergency medical treatment is deemed appropriate within the doctor's professional judgment, and to file a medical report by August 15, 2013.

SO ORDERED.

ENTERED:   August 7, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court